IN THE UNITED STATES DISTRICT COURT FILED . Lml
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION          04 SEP -1 PM 5:47

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| vs. | * | No. 03-20169-B |
| PATRICK D. MAXWELL, | * | |
| Defendant. | * | |

## MEMORANDUM OF PLEA AGREEMENT

The Defendant knowingly and voluntarily agrees with the United States, through the United States Attorney for the Western District of Tennessee, through the undersigned Assistant U.S. Attorney, to plead guilty to Count 1 of the above-numbered Indictment charging the Defendant with a violation of 21 U.S.C. § 846 and Counts 1 through 7 of the Information filed herewith charging the Defendant with violations of 31 U.S.C. § 5324(a)(3) and 5322(b); 31 C.F.R. § 103.11; and 18 U.S.C. §§ 2 and 1956(a)(1).

1.     Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty, the Government will recommend that (1) the Defendant receive a full reduction for acceptance of responsibility under U.S.S.G. § 3E1.1; and (2) the Defendant be sentenced at the lowest end of the applicable guideline range. The defendant understands that if the Court does not accept these recommendations the Defendant nevertheless has no right to withdraw the plea.

2.     Neither the Government nor any law enforcement officer can or does make any

promises or representations as to what sentence will be imposed by the Court.

3. As part of this plea agreement, the Defendant consents to the forfeiture of the assets listed below and identified in the indictment:

    a. The following real property:

        i. One parcel of real property located at 4327 Snowmass Memphis, TN 38141, and

        ii. One parcel of real property located at 6159 Belair Lake, Lithonia, GA 30038.

    b. The following vehicles:

        i. a 2003 Hummer H2 bearing vehicle identification number 5GRGN23U13H104849,

        ii. a 2001 Chevrolet Silverado bearing vehicle identification number 1GCJC33G01F146533,

        iii. a 2003 BMW 760Li bearing vehicle identification number WBAGN83403DK10458,

        iv. a 1999 Dodge B1500 bearing vehicle identification number 2B6HB11Z9XK584802, and

        v. a 2002 HortonCargo Trailer bearing vehicle identification number 5E2B1202221008088.

4. As part of this plea agreement, the Defendant will not contest the forfeiture of the assets listed below:

    a. The following vehicles:

i. a 2001 Lexus automobile bearing vehicle identification number JTHBN30F310040654, and

ii. a 2000 Suzuki Katana bearing vehicle identification number 5GRGN23U13H104849.

b. The following personal property:

i. Rolex President watch, pendant and necklace seized by law enforcement agents on September 30, 2003, at 4327 Snowmass Memphis, TN 38141,

ii. Corum watch and silver bracelets seized by law enforcement agents on September 30, 2003, at 8975 Bristol Park, Apartment 302, Bartlett, Tennessee,

iii. Ladies Rolex watch, pair of gold earrings with diamonds and a gold necklace with diamond clusters seized by law enforcement agents on September 30, 2003, at 6159 Belair Lake, Lithonia, GA 30038, and

iv. computers and computer equipment seized by law enforcement agents on September 30, 2003, at 1257 Commercial Drive, Conyers, Georgia, and 1416 Markan, Lithonia, Georgia.

c. The following currency:

i. $11,120.00 in U.S. Currency seized by law enforcement agents on September 30, 2003, at 937 Parkway Circle N, Atlanta, GA 30340.

5. As a condition of this Plea Agreement, the Defendant warrants that all assets or property interests, valued in excess of $5,000, that are presently in his name or over which he presently has any right, title, interest or control, were disclosed to the Government before the execution of this Plea Agreement.

6. Based on the Defendant's ongoing and anticipated future assistance to the Government, it is contemplated that the Government may recommend to the Court a departure in the Defendant's sentence pursuant to U.S. Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e). This would be solely within the discretion of the Government and is not part of the plea agreement. Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, including the Defendant's provision of complete and truthful information which assists in the investigation or prosecution of other individuals and complete and truthful testimony at subsequent proceedings when needed. The Defendant acknowledges that the Government's determination of whether the Defendant has cooperated fully and provided substantial assistance, and the Government's assessment of the value, truthfulness and completeness of the Defendant's assistance, is solely within the judgement and discretion of the Government and shall be binding upon the Defendant.

7. The Defendant knowingly, intelligently and voluntarily waives any rights to an appeal of his conviction or sentence in Case No. 03-20169-B and with respect to the information filed with this plea agreement if a motion for a downward departure as described in the preceding paragraph is filed and granted and his sentenced is reduced.

8. Should it be judged by the Government that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstructing or impeding justice within the meaning of U.S. Sentencing Guidelines § 3C1.1 or has failed to make any court appearances in this case, from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw his plea, the Government will be released from its obligations and would become free

to argue for any sentence within statutory limits. Such a breach by the Defendant would not release the Defendant from this plea of guilty.

9. The Defendant further understands and agrees the special assessment is due and payable to the U.S. District Clerk's Office immediately following the Defendant's sentencing.

_____  8-31-04
PATRICK D. MAXWELL                Date
Defendant

_____  8-31-04
LESLIE I. BALLIN, ESQ.            Date
Attorney for Defendant


TERRELL L. HARRIS
UNITED STATES ATTORNEY

By: _____  8/31/04
THOMAS A. COLTHURST               Date
Assistant U.S. Attorney

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 398 in case 2:03-CR-20169 was distributed by fax, mail, or direct printing on September 2, 2004 to the parties listed.

US Probation Office
Memphis, TN

US Marshals
Memphis, TN

US Pretrial Office
Memphis, TN

Honorable J. Breen
US DISTRICT COURT