IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ◊ | |
| Plaintiff, | ◊ | |
| vs. | ◊ | Cr. No. 03-20169-JDB |
| PATRICK D. MAXWELL, | ◊ | |
| Defendant. | ◊ | |

ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)

On March 17, 2008, Defendant Patrick D. Maxwell, Bureau of Prisons ("BOP") inmate registration number 19188-076, an inmate at the Federal Correctional Institution ("FCI") in Texarkana, Texas, filed a pro se motion in his closed criminal case, entitled "Motion under 18 U.S.C. § 3582(c)(2) for Modification of Sentence by a Person in Federal Custody" (Docket Entry ("D.E.") 673). The Government filed its response on March 20, 2008 (D.E. 674). Maxwell filed a reply on April 1, 2008 (D.E. 688).

This motion arises from Defendant's conviction for one count of conspiracy to possess with intent to distribute and distribution of in excess of 5 kilograms of cocaine and in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846. On August 31, 2004, Defendant pled guilty on this one count, as well as six counts in Case No. 04-20375 involving money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2, and structuring transactions to evade

reporting requirement, in violation of 31 U.S.C. §§ 5324(a)(3) & 5322(b) and 18 U.S.C. § 2,(D.E. 434 & 601).[1] On November 2, 2005, the Court imposed a sentence of 292 months of imprisonment, along with a five-year period of supervised release and a $800.00 special assessment (D.E. 594 & 601). Defendant appealed his sentence, and the Sixth Circuit Court of Appeals affirmed his conviction on May 8, 2007 (D.E. 654).

Defendant argues that the crack cocaine amendment is applicable to his sentence because the superseding indictment charged him with conspiracy "to possess with the intent to distribute and to distribute in excess of 5 kilograms of a mixture and substance containing a detectable amount of cocaine" (D.E. 688 at 1-2). The Government argues that Defendant's sentence was determined by the Sentencing Guidelines for cocaine (not crack cocaine or cocaine base), that Maxwell's statement of facts filed in connection with his guilty plea described his participation in a "scheme to steal cocaine and marijuana from the Memphis Police Department Property and Evidence Room", and that Defendant did not object to the drug quantity calculations used in computing his sentence (D.E. 674 at 1-3).

By the terms of 18 U.S.C. § 3582(c), the Court has authority only to modify a sentence when a sentencing range has been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). <u>United</u>

---

[1] Defendant subsequently pled guilty to one count of aiding and abetting a monetary transaction affecting interstate commerce, in violation of 18 U.S.C. §§ 1957 and 2, in Case No. 07-20262 and was sentenced to 120 months imprisonment, three years supervised relief, and a $100 special assessment, with the sentence to be served concurrent with the sentences imposed in Case No. 03-20169 and 04-20375 (Case No. 07-20262 ,D.E. 9).

States v. Carter, 500 F.3d 486, 488 (6th Cir. 2007). Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which modified the Federal Sentencing Guidelines ranges applicable to crack cocaine offenses. The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1. See U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. to App'x C, Amend. 706. Under U.S.S.G. § 1B1.10, a reduction in sentence under § 3582(c) is not authorized unless an amendment reducing the applicable guidelines range is listed in § 1B1.10(c). On March 3, 2008, Amendment 706 became effective, and is now listed in § 1B1.10(c). See 73 Fed. Reg 217-01 (Jan. 2, 2008). The Sentencing Commission has also given Amendment 706 retroactive effect. Id.

To determine whether Defendant is eligible for a sentence reduction, the Court must determine the amended guideline range "that would have been applicable to the defendant if the [crack cocaine] amendment . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The Court may only substitute the amended retroactive guideline, in this case § 2D1.1, and shall leave all other guideline application decisions for the original sentencing unaffected. Id.

Defendant's base offense level was 38, because of the amount of drugs involved. The drug calculation in the Presentence Investigation Report (PSR) was as follows:

> Maxwell stole 200-200 kg of cocaine from PER (250)
> Maxwell received 200-300 kg of cocaine from Dansberry (250)

3

> Maxwell solicited the purchase of 200 pounds of marijuana from Dansberry on 9/28/03
> A conservative estimate would be 250 kg cocaine per instance = 500kg
> Cocaine = 500kg = 500,000 gm

There is no reference to crack cocaine or cocaine base in the drug calculation. Further, paragraph 24 of the PSR indicates that "further investigation and subsequent evidence revealed Maxwell was not directly involved in the distribution of cocaine base."

Additionally, as noted by the United States Court of Appeal for the Sixth Circuit, Defendant admitted in his statement of facts "to stealing over 200 kilograms of cocaine while working the MPD property and evidence room and later obtaining more than 200 kilograms of cocaine after his employment ended." (D.E. 654 at 4). The Court further noted that Defendant did not object to his PSR, and the district court was entitled to use these facts to compute Defendant's sentence (Id. at 4-5).

As the calculation of Defendant's base offense level did not involve crack cocaine for purposes of determining the drug quantity, Amendment 706 has no affect on Defendant's sentence. Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) is DENIED.

IT IS SO ORDERED this 28th day of July, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE